UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FITTRACK, INC.,<br><br>  Plaintiff,<br><br>v.<br><br>HYPERZOO TECHNOLOGY LTD., et al.,<br><br>  Defendants. | Case No.: 23-cv-0838-AGS-BGS<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER, ALTERNATIVE SERVICE, AND EARLY DISCOVERY (ECF 6)** |

In this Lanham Act trademark-infringement case, plaintiff seeks a temporary restraining order, expedited discovery, and permission to serve defendants by email. Each request is denied.

## BACKROUND

Plaintiff FitTrack, Inc., sued two foreign companies for counterfeiting one of its products, alleging trademark infringement, unfair competition, and false advertising. The product is the "FitTrack Dara Smart BMI Digital Scale," a weight scale bearing FitTrack's registered trademark. (ECF 1, at 4–5.) According to the complaint, the defendants—British company Hyperzoo Technology, Ltd., and China-based ShenZhen DingKa Technology Co., Ltd.—"source" knock-off Dara scales and sell them on Amazon. (*See* ECF 1, at 7.) FitTrack contends that these imitation scales hurt its goodwill, as they are of inferior quality and "cannot connect" to the mobile app that is meant for use with the scales. (ECF 1, at 11–12.)

To aid its suit, FitTrack seeks: (1) a temporary restraining order freezing all defendants' assets and requiring them to stop infringement, (2) leave to serve defendants—who are apparently unaware of this lawsuit—by email, and (3) early discovery.

## DISCUSSION

FitTrack has not met the high bar for any of the emergency relief it requests.

A.    **Temporary Restraining Order**

First, FitTrack asks for a temporary restraining order, which is an emergency form of injunctive relief issued without notice to the restrained party. As with all preliminary injunctions, plaintiffs must establish that they are "likely to succeed on the merits, that [they are] likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in [their] favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). But temporary restraining orders require even more: plaintiff must "clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). FitTrack has not made that heightened showing.

FitTrack argues that immediate and irreparable harm will arise because "proceeding through the traditional noticed motion process will result in Defendants destroying or hiding their counterfeit inventory and absconding with the sales proceeds." (ECF 6-1, at 8.) But the only evidence for this contention is a statement from counsel's two-page affidavit. He asserts that the "*modus operandi* of counterfeiters" upon learning of infringement lawsuits is to "immediately hide or destroy their inventory, withdraw all sales proceeds from the Amazon storefronts," and then "create new Amazon storefronts and begin the cycle of counterfeiting anew." (ECF 6-3, at 2.) Yet counsel offers no evidence to support this assertion, nor his expertise on this topic, nor the foundation of this belief. (*See id.*) The Court has no doubt that counsel honestly believes it. But this unadorned statement cannot satisfy the necessary "clear[] show[ing]" that imminent irreparable harm "will result to the movant before the adverse party can be heard in opposition." *See* Fed. R. Civ. P. 65(b)(1)(A); *Spengler v. LASD: L.A. Cty. Jail*, No. CV 16-6880-DOC (SP), 2017 WL 2468771, at *2 (C.D. Cal. June 5, 2017) (noting that "conclusory" allegations are "insufficient" to show "irreparable harm"). A temporary restraining order is not justified.

B.    **Electronic Service**

Next, FitTrack requests to serve both foreign defendants by email. Typically, a plaintiff must employ "internationally agreed means of service" to serve a defendant in a

foreign country, such as means "authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents." Fed. R. Civ. P. 4(f)(1). The three countries relevant to the service issue—the United States, the United Kingdom, and China—are all signatories to the Hague Service Convention. *See Amazon.com, Inc. v. Dong*, No. 2:21-CV-00159-TL-BAT, 2023 WL 4106032, at *2 (W.D. Wash. June 21, 2023) ("China is a signatory to the Hague [Service] Convention . . . ."); *NordAq Energy, Inc. v. Devine*, No. 3:16-CV-00267 JWS, 2017 WL 9854543, at *2 (D. Alaska July 24, 2017) ("[B]oth the United States and the United Kingdom are signatories to the Hague [Service] Convention . . . ."). But FitTrack did not use any Convention-authorized means of service. It sent DHL mail couriers to the defendants' British and Chinese addresses. (*See* ECF 4 & 5.) Such mail service is valid only if, among other things, "service by mail is authorized under otherwise-applicable law." *Water Splash, Inc. v. Menon*, 581 U.S. 271, 284 (2017). The relevant otherwise-applicable law here is Federal Rule of Civil Procedure 4(f). And "no part of Rule 4(f) authorizes service by ordinary international first class mail." *Brockmeyer v. May*, 383 F.3d 798, 804 (9th Cir. 2004).

Even if international mail service were permitted, FitTrack used an outdated address to serve Hyperzoo, the primary defendant who hosts the allegedly offending Amazon store. As of December 2022, Hyperzoo updated its address with the British government. *See* Hyperzoo Technology LTD, Filing History, https://find-and-update.company-information.service.gov.uk/company/13301355/filing-history (last visited July 20, 2023). That new address also now appears on Hyperzoo's Amazon store, although it's unclear when the Amazon account was updated. At any rate, it's no surprise that service failed, as FitTrack used an apparently obsolete address.

Nonetheless, FitTrack is entitled to request leave of court to conduct service "by other means not prohibited by international agreement." Fed. R. Civ. P. 4(f)(3). Even if this Court has discretion to authorize electronic service, it is not inclined to do so under these circumstances. *See* Fed. R. Civ. P. 4 advisory committee's notes to the 1993 Amendments ("Use of the Convention procedures, when available, is mandatory if

documents must be transmitted abroad to effect service."); *see also Khazai v. Grover*, No. 2:22-CV-00100-SPG-KS, 2022 WL 18712318, at *3 (C.D. Cal. Dec. 21, 2022) (noting that courts are "split on the issue of whether email service is permissible under the Hague Convention"). At a minimum, before resorting to court-approved email service, FitTrack must make a diligent effort to use the Hague Convention procedures to serve defendants or explain how it has already done so.

C.   **Early Discovery**

Finally, although defendants have not yet appeared in this case, FitTrack requests "an *ex parte* Order allowing expedited discovery" for "bank and payment system accounts Defendants use for their infringing sales operations." (ECF 6-1, at 8.) "As a general rule, discovery proceedings take place only after the defendant has been served." *hey, Inc. v. Twitter, Inc.*, No. 22-MC-80034-DMR, 2023 WL 3874022, at *4 (N.D. Cal. June 6, 2023). That rule has a "rare" exception for targeted early discovery "to learn the identifying facts necessary to permit service on the defendant." *Id.* A court may issue an early subpoena under this exception only if plaintiff shows "good cause" and satisfies a multi-factor test. *See Malibu Media, LLC v. Doe*, No. 16cv444 GPC (BGS), 2016 WL 1618227, at *2 (S.D. Cal. Apr. 22, 2016). Yet FitTrack already knows the defendants' identities and registered addresses. So, the requested discovery does not fit within this narrow exception. Even if it did, FitTrack has not attempted to satisfy this exception's strict requirements. *See Malibu Media*, 2016 WL 1618227, at *2 (setting forth test to justify early discovery to locate defendants). Thus, FitTrack is not entitled to early discovery.

## CONCLUSION

FitTrack's motion (ECF 6) is **DENIED**.

Dated:  July 20, 2023

_____
Andrew G. Schopler
United States District Judge